FILED

2024 Mar-08  PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KENIA MERARY HERNANDEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.: 2:23-cv-399-AMM** |
| **FIDELITY AND GUARANTY** ) | |
| **INSURANCE COMPANY,** ) | |
| ***et al.,*** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION ON MOTION TO REMAND</u>

This case is before the court on a motion to remand filed by plaintiff Kenia Merary Hernandez. Doc. 17. For the reasons explained below, that motion is **GRANTED**.

## I.    BACKGROUND

This case stems from a fire loss at a commercial property owned by Ms. Hernandez. *See* Doc. 1-1 ¶¶ 2, 10. Ms. Hernandez alleges that she purchased and held a commercial property insurance policy sold by Fidelity and Guaranty Insurance Company ("Fidelity") through its agent, E. Bryant Cottingham Insurance ("Cottingham"). *Id.* ¶ 1.

Ms. Hernandez further alleges that, after the fire, Cottingham informed her that it erroneously wrote her a policy for a leasehold interest instead of an owner's

policy. *Id.* ¶¶ 9, 11. According to Ms. Hernandez, Cottingham stated that it "would immediately 'fix' the policy and provide coverage." *Id.* ¶ 11. Ms. Hernandez claims that Fidelity "has refused to pay for the claim, even after being informed of the . . . error committed by . . . Cottingham." *Id.* ¶ 13 (cleaned up).

Ms. Hernandez sued Fidelity and Cottingham in Jefferson County Circuit Court. *Id.* She asserted claims of breach of contract, fraud, and unjust enrichment. *Id.* ¶¶ 18–29. Although the complaint is less than clear, those three claims appear to be asserted against both defendants. *See id.*

Fidelity timely filed a notice of removal. Doc. 1. Fidelity alleged that Ms. Hernandez is a citizen of Alabama. *Id.* at 2. It further asserted that it is incorporated in Iowa and has its principal place of business in Connecticut. *Id.* Fidelity stated that Cottingham is a sole proprietorship that is a citizen of Alabama. *Id.* But Fidelity argued that it is "the only properly-joined defendant in this action," and therefore, the court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.* at 2–3.

After Fidelity noticed its removal, Ms. Hernandez amended her complaint. *See* Doc. 14. In the amended complaint, Ms. Hernandez asserts claims of breach of contract and bad faith against Fidelity, and she asserts claims of negligence and wantonness against Cottingham. *Id.* at 6–11.

Ms. Hernandez then moved to remand the case. Doc. 17. Her motion includes a sworn affidavit from her counsel of record. Doc. 17-1. The motion is fully briefed. Docs. 23, 25, 27.

## II.   LEGAL STANDARD

"[F]or an action to be properly removed from a state court, the district court must have been able to exercise original jurisdiction over the original claims." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1556 (11th Cir. 1989). "An additional caveat in diversity actions is that no properly joined and served defendant can be a citizen of the State in which such action is brought." *Id.* (cleaned up). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). One type of fraudulent joinder occurs when "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Ins.*

3

*Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (cleaned up). The removing party bears the "heavy" burden of proof on this issue. *Crowe*, 113 F.3d at 1538.

## III.   ANALYSIS

### A.   Amended Complaint

The parties disagree on what materials the court may properly consider when evaluating this motion. Ms. Hernandez asks that the court consider the amended complaint, which was filed after the case was removed to federal court, and a post-removal affidavit. *See* Doc. 17 at 2, 3, 5, 6 n.3, 11. Cottingham contends that the court cannot consider the amended complaint and that it should not consider the affidavit. *See* Doc. 23 at 6–8, 10–11. Fidelity echoes Cottingham's argument about the amended complaint. *See* Doc. 25 at 3–7.

Under controlling caselaw, "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (cleaned up); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The [post-removal] amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal."). The court will

not consider Ms. Hernandez's amended complaint, Doc. 14, but it will consider the affidavit, Doc. 17-1.

**B.    Original Complaint**

The dispositive question is whether there exists any possibility that Ms. Hernandez's original complaint, considered alongside her counsel's affidavit, could possibly maintain a cause of action under Alabama law in state court. Ms. Hernandez concedes that her "original complaint did not assert a distinct viable count against Cottingham," Doc. 27 at 11, but the court disagrees. Ms. Hernandez's original complaint asserted a possible claim for unjust enrichment against Cottingham.

"[P]leadings are to be liberally construed in order to effect the purpose of the Alabama Rules of Civil Procedure and that every reasonable intendment and presumption must be made in favor of the pleader." *Ex parte McKesson Corp.*, No. SC-2023-0289, 2023 WL 8858725, at *20 (Ala. Dec. 22, 2023) (cleaned up). In Alabama state court, "dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Id.* at *12 (cleaned up).

"The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." *Mantiply v. Mantiply*, 951 So. 2d 638, 654 (Ala. 2006) (cleaned up). "To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must

show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Portofino Seaport Vill., LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008). "One is unjustly enriched if his retention of a benefit would be unjust." *Mantiply*, 951 So. 2d at 654 (cleaned up). A "retention of a benefit is unjust if (1) the donor of the benefit acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship." *Id.* at 654–55 (cleaned up). Further, "[t]he success or failure of an unjust-enrichment claim depends on the particular facts and circumstances of each case." *Id.* at 655.

In the light of those two facets of Alabama law, Ms. Hernandez's original complaint asserts a possible claim of unjust enrichment. Cottingham argues against that conclusion on two grounds: (1) Ms. Hernandez did not assert the unjust-enrichment claim against Cottingham, and (2) a plaintiff cannot recover for unjust enrichment "where an insured makes payments pursuant to clearly articulated contracts." Doc. 23 at 2.

As to the first argument, Ms. Hernandez's original complaint is less than completely clear, but she pleads that "[t]he Defendant" was unjustly enriched after she paid policy premiums and the Defendant failed to pay her after the fire loss. Doc. 1-1 ¶¶ 27–28. She further alleges that "the Defendant" attempted to cover up their

wrongdoing by denying that she was issued an erroneous policy. *See id.* ¶ 29. It is at least possible that "Defendant" refers to Cottingham, or both Cottingham and Fidelity.

As to the second argument, the defendants suggest that Alabama courts will not entertain a claim for unjust enrichment when the claim sounds in contract. *See Goostree v. Liberty Nat'l Life Ins. Co.*, 421 F. Supp. 3d 1268, 1277 (N.D. Ala. 2019). But the unjust enrichment allegations do not sound in contract here. Fidelity—the removing defendant—alleges that "Cottingham was not a party to [Ms. Hernandez's] contract with [Fidelity]." Doc. 1 at 3. And Ms. Hernandez's unjust-enrichment claim alleges that Cottingham, Fidelity, or both "attempted to cover their mistakes and deny that the wrong policy was processed, further inducing business losses to [her]." Doc. 1-1 ¶ 29.

Because it is possible that an Alabama court would find that Ms. Hernandez's complaint states a cause of action for unjust enrichment against Cottingham, the court must grant Ms. Hernandez's motion to remand.

## IV.    CONCLUSION

The motion to remand is **GRANTED**.

**DONE** and **ORDERED** this 8th day of March, 2024.


**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE